**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRESHPAIR.COM, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW BUTLEIN, et al., <br><br> Defendants. | Civil Action No: 17-905 (SDW) (LDW) <br><br> **OPINION** <br><br><br> July 11, 2017 |

**WIGENTON**, District Judge.

Before this Court is Defendants Matthew Butlein, Marc Butlein, and Michaele Butlein's (collectively, "Defendants") Motion to Dismiss Plaintiff Freshpair.com, Inc.'s ("Freshpair" or "Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons stated herein, the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

On July 15, 2016, Plaintiff and Defendants entered into a Stock Purchase Agreement ("SPA") wherein Defendants sold all of their shares of common stock in Freshpair, Inc. to Plaintiff. (Am. Compl. ¶7.) Plaintiff alleges that in the weeks leading up to the execution of the SPA, Defendant Matthew Butlein made various assurances to Plaintiff's principal, Michael Vekshteyn ("Vekshteyn") regarding what would be required to properly operate Freshpair, Inc. (*Id*. ¶ 8.) The gravamen of Plaintiff's allegations is that ultimately these assurances proved to be false, and that Defendants failed to meet their obligations under the SPA. Plaintiff alleges Defendants improperly and purposefully deflated the amount of debts they owed, misrepresented the inventory amounts on hand at the time of the SPA's execution, and concealed the obsolete condition of the company's e-commerce website, resulting in harm to Plaintiff.[1] (*Id*. ¶¶ 20 – 22.)

On December 22, 2016 Plaintiff filed a complaint against Defendants in the Superior Court of New Jersey, Union County. Defendants removed the action to this Court on February 10, 2017, and sought dismissal of Plaintiff's Complaint. On March 20, 2017, Plaintiff filed its Amended Complaint alleging: Breach of Contract (Count One); Breach of the Covenant of Good Faith and Fair Dealing (Count Two); Breach of Fiduciary Duty (Count Three); Fraud (Count Four); Legal Fraud (Count Five); and Equitable Fraud (Count Six). On April 3, 2017, Defendants moved to dismiss the Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposed Defendants' motion on April 27, 2017, and on May 8, 2017, Defendants submitted their reply.

---

[1] The bulk of Plaintiff's Amended Complaint centers on the alleged actions and inactions Defendant Matthew Butlein took in breach of his duties to Plaintiff. (See generally *Id*. ¶¶ 23, 29 – 43, 53 – 56, 61 – 67, 90.)

## II. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

## III. DISCUSSION

### a. Breach of Contract (Count One)

To establish a breach of contract claim, Plaintiff must show that: "(1) the parties entered into a valid contract, (2) Defendants failed to perform their obligations under the contract, and (3) Plaintiff sustained damages as a result." *Ensey v. Gov't Employers Ins. Co.*, 663 F. App'x 172, 176 (3d Cir. 2016). Some courts in the Third Circuit have required the plaintiff to also allege that it

performed its contractual obligations in order to sufficiently plead a breach of contract claim under New Jersey law. *See Manley Toys, Ltd. v. Toys R Us, Inc.*, Civ. No. 12-3072, 2013 WL 244737, at *1 (D.N.J. Jan. 22, 2013) (comparing *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) with *Peck v. Donovan*, 565 F. App'x 66, 69 – 70 (3d Cir. 2016)). Defendants therefore seek to dismiss Plaintiff's breach of contract claim because they argue Plaintiff has insufficiently alleged that it performed its purported obligations under the SPA. (Def.'s Br. at 18; Reply Br. at 1.)

Plaintiff avers it complied with all of its duties and obligations under the SPA, including the retention of Matthew Butlein as a consultant. (Am. Compl. ¶¶ 95 – 96.) Plaintiff contends it attempted to continue retaining Butlein as a consultant but his alleged refusal to negotiate and deal with Plaintiff in good faith inhibited these efforts. (*Id.* ¶ 96.) Plaintiff also alleges it took steps to secure sufficient inventory as required under the SPA. (*Id.* ¶¶ 97 – 104.) While discovery may ultimately prove that these purported efforts fell short of Plaintiff's obligations under the SPA, the Amended Complaint sufficiently alleges the breach of contract claim to withstand dismissal at this stage.[2] Defendants' motion is therefore denied as to Count One.

      *b. Breach of the Covenant of Good Faith and Fair Dealing (Count Two)*

As an alternative to the main theory that Defendants breached the express terms of the SPA, Plaintiff alleges Defendants breached the covenant of good faith and fair dealing. (Pl.'s Br.

---

[2] Furthermore, this Court agrees that whether Plaintiff's performance is an element of a breach of contract claim "is largely a semantic question; there is no doubt that, for an executory contract, each party's performance may be a condition precedent to the other's duty to perform. Who goes first may depend on the terms of the particular agreement, and particular contracts may require alternating performance." (Pl.'s Br. at 16 (quoting *Accurate Abstracts, LLC v. Havas Edge, LLC*, Civ. No. 14-1994, 2015 WL 5996931, at *4 n.4 (D.N.J. Oct. 14, 2015) (citation omitted in original)).)

at 20; Am. Compl. ¶¶ 107 – 109.) Every contract in New Jersey contains an implied covenant of good faith and fair dealing. *See Fields v. Thompson Printing Co.*, 363 F.3d 259, 270 (3d Cir. 2004). This requires both parties to refrain from taking actions that "will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id*. Thus, "[a] party can be held liable for a breach of the implied covenant even if it has not violated an express term of the contract because the covenant may fill in the gaps where necessary to give efficacy to the contract as written." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 756 (D.N.J. 2013) (quoting *Fields*, 363 F.3d at 271 – 2) (internal quotation marks omitted).

Count Two "incorporates the preceding paragraphs" of the Amended Complaint and states that "[t]hrough the actions and conduct described above, the defendants breached the implied covenant of good faith and fair dealing that existed in their agreement with Plaintiff," resulting in Plaintiff's harm. (Am. Compl. ¶¶ 107 – 9.) Plaintiff fails, however, to provide with any specificity which Defendants or which actions allegedly breached the covenant of good faith and fair dealing, or connect any of the factual allegations previously set forth in the Amended Complaint to this specific cause of action.[3] Such conclusory allegations and vague group pleading fail to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), and thus this Court will dismiss Count Two of the Amended Complaint.

---

[3]  In its opposition brief, Plaintiff points this Court to various paragraphs in the Amended Complaint that it contends support the allegation that Defendants engaged with Plaintiff "in such a way as to defeat the spirit of the contract. (Pl.'s Br. at 20 – 21 (citing Am. Compl. ¶¶ 31 – 43).) This Court notes that Plaintiff may not amend the Amended Complaint through its brief in opposition to the instant motion. *See Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") Furthermore, the paragraphs enumerated by Plaintiff identify only actions or inactions taken by Defendant Matthew Butlein, and include no mention of the other Defendants against whom Count Two is alleged.

c. *Breach of Fiduciary Duty (Count Three)*

Count Three of Plaintiff's Amended Complaint alleges that Defendant Matthew Butlein breached a fiduciary duty to Plaintiff by failing to fulfill certain duties that were not enumerated in the SPA. (Am. Compl. ¶¶ 111 – 109.) "Under New Jersey law, the Economic Loss Doctrine prohibits parties from recovering in tort economic losses to which their entitlement only flows from contract." *Longo v. Envtl. Prot. & Improvement Co., Inc.*, Civ. No. 16-09114, 2017 WL 2426864, at *5 (D.N.J. June 5, 2017) (internal quotation marks omitted). Therefore, "whether a tort claim can be asserted alongside a breach of contract claim depends on whether the tortious conduct is extrinsic to the contract between the parties." *Id.*; *see also Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002) ("Under New Jersey law, a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law.").

Plaintiff has set forth no basis for the argument that Matthew Butlein owed an independent fiduciary duty separate and apart from his obligations under the SPA. That "Mr. Vekshteyn [] placed his trust and confidence in Mr. Butlein based on his superior knowledge and experience" (Pl.'s Br. at 24) does not divorce any of Butlein's duties to Plaintiff from the SPA. In fact, the duties Plaintiff alleges Matthew Butlein assumed outside of the SPA all flow directly from the contractual relationship between the parties. (*See* Am. Compl. ¶ 114.) This Court will therefore dismiss Count Three of the Amended Complaint.

d. *Fraud (Counts 4, 5, and 6)*

"When asserting fraud claims, a plaintiff must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b)." *Perti v. McRoberts Protective Agency, Inc.*, Civ. No. 14-7459, 2015 WL 5089570, at *3 (D.N.J. Aug. 27, 2015) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)). "To satisfy this standard, the plaintiff must plead

or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). The purpose of this requirement is to assure defendants are placed on notice of the precise misconduct with which they are charged so that they can respond meaningfully to a complaint. *See, e.g., Argabright v. Rheem Mfg. Co.*, Civ. No. 15-5243, 2017 WL 2709560, at *2 (D.N.J. June 23, 2017).

All three fraud counts in Plaintiff's Amended Complaint are wholly inadequate under the heightened Rule 9(b) standard. Plaintiff fails to set forth with specificity which purported actions constituted each count of fraud, all of which are alleged generally against "defendant Sellers." (Am. Compl. ¶¶ 118, 121, 126.) This does not provide Defendants with sufficient notice as to who Plaintiff is alleging made what alleged material representations. In fact, Count Six alleges that "one, some or all of the Defendants' equitable fraud" harmed Plaintiff. (Am. Compl. ¶ 129.) Such vague pleading cannot withstand the scrutiny that this Court must apply to fraud claims at this stage. Therefore, Counts Four, Five, and Six will be dismissed.

  e. *Attorneys' Fees*

Finally, Defendants ask this Court to dismiss Plaintiff's demand for attorneys' fees, arguing that Plaintiff has no basis to seek them. (Def.'s Br. at 21 – 22.) Plaintiff identifies, however, a provision of the SPA which it contends provides for the recovery of fees in the event Defendants breach the SPA. (*See* Pl.'s Br. at 28 ("Sellers agree to indemnify, defend and hold the Buyer harmless from and against all demands, claims, actions or causes of action, assessments, losses, damages, liabilities, costs and expenses, including without limitation interest, penalties and attorneys' fees and expenses, asserted against, resulting to, imposed upon or incurred by the Buyer by reason of, resulting from or in any way relating to, directly or indirectly, (i) a breach of any

7

representation, warranty or covenant of the Sellers contained in or made pursuant to this Agreement, (ii) failure of the Sellers duly to perform or observe any term, provision or covenant or agreement to be performed or observed by it pursuant to this Agreement…").)  While it is yet undetermined whether Plaintiff will be entitled to recover attorneys' fees, this Court will not dismiss Plaintiff's demand for attorneys' fees at this stage.

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** and Counts Two, Three, Four, Five and Six of Plaintiff's Amended Complaint are dismissed.  Plaintiff shall have thirty days from the date of this Opinion to file a second Amended Complaint.  An appropriate Order follows.

　　　　　　　　　　　　　　　　　　　　　　　/s/ Susan D. Wigenton　　　　　

　　　　　　　　　　　　　　　　　　　　　　SUSAN D. WIGENTON, U.S.D.J


Orig:		Clerk
cc:		Leda Dunn Wettre, U.S.M.J.
		Parties