NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

December 4, 2017

Dante C. Rohr, Esq.
Jeremy J. Zacharias, Esq.
Marshall Dennehey Warner Coleman & Goggin
15000 Midlantic Drive, Suite 200
P.O. Box 5429
Mt. Laurel, NJ 08054
*Counsel for Plaintiff*

David N. Kleinmann, Esq.
Linda S. Roth, Esq.
Tarter Krinsky & Drogin LLP
475 Wall Street
Princeton, NJ 08540
*Counsel for Defendants*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Freshpair.com, Inc. v. Butlein, et al.**
   **Civil Action No. 17-905 (SDW) (LDW)**

Counsel:

Before this Court is Plaintiff Freshpair.com, Inc.'s ("Plaintiff") Motion to Dismiss Defendants Matthew Butlein, Marc Butlein, and Michaele Butlein's (collectively, the "Butlein Defendants") second counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **DENIES** Plaintiff's motion.

### DISCUSSION

This Court assumes the parties' familiarity with the factual background and procedural history in this matter and thus will summarize only those facts relevant to the instant motion. This suit concerns a Stock Purchase Agreement ("SPA"), wherein Defendants sold all of their shares of common stock in Freshpair, Inc. to Plaintiff. (Am. Compl. ¶ 7, ECF No. 7.) As part of the SPA, Plaintiff agreed to issue additional compensation to Defendants if Freshpair.com met certain sales

thresholds in the six months following the stock purchase (the "$1.2 million Condition"). (Answer ¶ 116.) On December 22, 2016, Plaintiff filed a complaint against Defendants in the Superior Court of New Jersey, Union County, alleging among other things that Defendants had breached their obligations under the SPA. (ECF No. 1.) Defendants removed the action to this Court on February 10, 2017. (*Id.*) On July 11, 2017, this Court dismissed all but one of Plaintiff's six claims, and allowed Plaintiff's claim for breach of contract to proceed. (ECF Nos. 14-15.) Thereafter, the Butlein Defendants answered and asserted the following two counterclaims: (1) breach of the SPA; and (2) breach of the duty of good faith and fair dealing. (ECF No. 16.) Plaintiff subsequently filed the instant motion to dismiss the Butlein Defendants' second counterclaim. (ECF No. 18.)

A. Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

B. The Butlein Defendants' Second Counterclaim Is Sufficiently Pled

Every contract in New Jersey contains an implied covenant of good faith and fair dealing. *See Fields v. Thompson Printing Co.*, 363 F.3d 259, 270 (3d Cir. 2004). This requires both parties to refrain from taking actions that "will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* Thus, "[a] party can be held liable for a breach of the implied covenant even if it has not violated an express term of the contract because the covenant may fill in the gaps where necessary to give efficacy to the contract as written." *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 756 (D.N.J. 2013) (quoting *Fields*, 363 F.3d at 271-72) (internal quotation marks omitted).

The Butlein Defendants allege that Plaintiffs breached their duty of good faith and fair dealing by engaging in a course of conduct that made it impossible for Plaintiffs to meet the $1.2 million Condition necessary to trigger the additional payouts. (Answer ¶¶ 217-20.) Specifically, they allege that Plaintiff:

(a) delayed the hiring of necessary personnel;

2

(b) hired unqualified family members;
(c) refused to hire necessary technical resources;
(d) insisted on implementing new website functionality before purchasing inventory necessary to timely and successfully fill orders;
(e) refused to timely engage in website and product marketing;
(f) refused to spend sufficient amounts on marketing to meet the $1.2[] [million] condition;
(g) refused to timely purchase inventory; and
(h) refused to maintain inventory at the required levels.

(*Id.* ¶ 219.)

The complained-of conduct need not be explicitly included in the contract to maintain a cause of action for breach of implied covenant of good faith and fair dealing. *Jurista*, 492 B.R. at 756; *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1126 (N.J. 2001) ("[A] party's performance under a contract may breach that implied covenant even though that performance does not violate a pertinent express term.") Therefore, to state a claim sufficient to survive Plaintiff's motion to dismiss, Defendant need only allege that "the accused acted in bad faith or engaged in 'some other form of inequitable conduct in the performance of a contractual obligation.'" *Intervet, Inc. v. Mileutis, Ltd.*, No. 15-1371, 2016 WL 740267, at *4 (D.N.J. Feb. 24, 2016) (quoting *Pactiv Corp. v. Perk-Up, Inc.*, No. 08-05072, 2009 WL 2568105, at *12 (D.N.J. Aug. 18, 2009)). The Butlein Defendants' pleadings sufficiently detail the manner in which Plaintiff thwarted their "expectation or purpose" in entering the SPA. *See Wilson*, 773 A.2d at 1130 (quoting *Emerson Radio Corp. v. Orion Sales, Inc.*, 80 F. Supp. 2d 307 (D.N.J. 2000), *rev'd in part on other grounds*, 253 F.3d 159 (3d Cir. 2001)).

For the reasons discussed herein, Plaintiff's Motion to Dismiss the Butlein Defendants' second counterclaim is **DENIED**. An appropriate Order follows.

    /s/ Susan D. Wigenton
SUSAN D. WIGENTON, U.S.D.J

Orig: Clerk
cc: Parties
    Leda D. Wettre, U.S.M.J.